## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

PHILLIP HERN,

        Plaintiff,

v.                                        No. CIV 12-564 LFG/KBM

ALBUQUERQUE BERNALILLO
COUNTY WATER UTILITY AUTHORITY,

        Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Albuquerque Bernalillo County Water Utility Authority's ("Water Authority") Motion for Summary Judgment [Doc. 30].   After considering the pertinent law and the parties' pleadings, with exhibits [Docs. 34, 35, 36], the Court concludes that the summary judgment motion should be granted, with the result that Plaintiff Phillip Hern's ("Hern") complaint and all claims be dismissed, with prejudice.

### Background

On May 24, 2012, Hern, a Hispanic male, filed a complaint against Water Authority, alleging national origin discrimination under Title VII of the Civil Rights Act of 1964 and the New Mexico Human Rights Act. [Doc. 1.] Hern contends, *inter alia*, that he has been employed with Water Authority since October 1993, and that his present position is Safety Instructor. [Doc. 10, at 2.] Hern further asserts that Water Authority became independent from the City of Albuquerque, at which time Water Authority "passed over" Hern for a promotion in favor of non-Hispanic applicants.  Hern argues that he was equally qualified or more qualified than other applicants.  Moreover, he claims he was subjected to harassment on the job and suffered "anger, humiliation, emotional upset, stress,

and other and similar emotional and physical symptoms as a result" of Water Authority's alleged

conduct. [Doc. 10, at 3.]

Water Authority denies the allegations and clarifies that Hern did not become an employee

of Water Authority until July 2007.  Before that date, according to Water Authority, the City of

Albuquerque employed Hern. [Id.] Water Authority asserts that it took all actions with respect to

Hern, and in furtherance of legitimate, non-discriminatory business reasons, without consideration

of race or national origin.  Water Authority further contends that it selected the most qualified

candidate for the positions at issue and that it also selected Hispanics for some of the positions.

Water Authority denies harassment of Hern. [Id.]

On April 11, 2013, Water Authority filed the present motion for summary judgment arguing

that Hern's complaint should be dismissed with prejudice because Hern cannot raise any genuine

issues of material fact with respect to his claims of national origin discrimination or harassment.

<u>**Motion for Summary Judgment**</u>

I.       <u>SUMMARY JUDGMENT LEGAL STANDARD</u>

Summary judgment provides courts with a means by which "factually insufficient claims or

defenses can be isolated and prevented from going to trial with the attendant unwarranted

consumption of public and private resources."   <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).

Rule 56(a) requires the court to grant summary judgment "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a) (2012).  The party seeking summary judgment has an initial burden to show

that there is an absence of evidence to support the non-moving party's case.  *See* <u>Kannady v. City</u>

<u>of Kiowa</u>, 590 F.3d 1161, 1168-1169 (10th Cir. 2010) ("moving party has both the initial burden of

production on a motion for summary judgment and the burden of establishing that summary judgment is appropriate as a matter of law.") (internal quotation marks removed).

Upon meeting that burden, the non-moving party must identify specific facts that show the existence of a genuine issue of material fact.  Id.  The non-moving party may not rest upon the pleadings or mere conjecture, allegations, or denials, nor may a party rely solely on argument or contentions.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  *See* Pasternak v. Lear Petroleum Exploration, Inc., 790 F.2d 828, 834 (10th Cir. 1986) ("Conclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment.") (citation omitted).  *See also* Nahno-Lopez v. Houser, 625 F.3d 1279, 1283 (10th Cir. 2010) ("in response to a properly supported motion for summary judgment, a non-movant must produce sufficient evidence for a reasonable trier of fact to find in its favor at trial on the claim or defense under consideration").

The Court further observes that the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson, 477 U.S. at 247-48 (emphasis in original).  Stated differently, "the movant need not negate the non-movant's claim, but need only point to an absence of evidence to support the non-movant's claim." Kannady, 590 F.3d at 1169 (citation omitted).  *See also* Celotex, 477 U.S. at 323 (Rule 56 standard requires the court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element to prove that party's case, and on which that party will bear the burden of proof at trial.")

As recently explained by the federal Utah District Court, in Wilcox v. Career Step, LLC, __ F. Supp. 2d __, 2013 WL 839936, at *4 (D. Utah Mar. 6, 2013):

> . . . . now as before the 2010 amendments to Rule 56, the court must
> perform "the threshold inquiry of determining whether there is the
> need for a trial—whether, in other words, there are any genuine
> factual issues that properly can be resolved only by a finder of fact
> because they may reasonably be resolved in favor of either party."
> Anderson, 477 U.S. at 250. "When applying this standard, we
> examine the factual record in the light most favorable to the party
> opposing summary judgment." Kannady, 590 F.3d at 1168 (quoting
> Belhomme v. Widnall, 127 F.3d 1214, 1216 (10th Cir. 1997)).

Thus, while the Court examines the factual record in the light most favorable to Plaintiff, mere argument, assertions, conjecture, or the existence of a scintilla of evidence in support of his position will not demonstrate a genuine issue of material fact for trial. Carpenter v. Boeing Co., 456 F.3d 1183, 1192 (10th Cir. 2006) (citations and quotations omitted).

II.    DISCUSSION

A.    Preliminary Matters

The Court sets out *infra* the undisputed material facts noted in Water Authority's opening brief, that are supported by affidavit testimony, deposition testimony, responses to Water Utility's interrogatories, and other admissible evidence. [Doc. 30, Exhibits A-J.]  While Hern attempts to contradict Water Authority's undisputed material facts, he primarily relies on allegations contained in his complaint, which he copied to his purported affidavit. [Doc. 34, at 11-19; Doc. 34-1.] For example, in response to Water Authority's material facts, Hern frequently contends that he "partially disputes" the facts, but refers to nothing other than his own affidavit stating he "was not notified" of information contained in Water Authority's undisputed facts.  His conclusory assertions that he was not notified of a fact or was unaware of certain information do not serve to rebut undisputed material facts that Water Authority supported with affidavit and deposition testimony, or other evidence.

4

The District's local rules, along with pertinent legal authority, require Hern to set out any facts in dispute, by referring with particularity to competent, admissible evidence in those portions of the record on which Hern relies.  D.N.M.LR-Civ. 56.1(b).  While Hern occasionally refers to a few pages of his own deposition testimony, that testimony does not contradict Water Authority's undisputed facts as discussed in more detail *infra*.

In addition, at the beginning of Hern's response, he sets out a number of facts that he contends "appear to be undisputed." [Doc. 34, at 1.] He fails to number those purported facts as required and also omits citation to any record evidence to support his version of facts.  Indeed, Hern refers only to allegations in his complaint for support of his list of "undisputed facts." [Doc. 34, at 2-3.] This is impermissible as a party may not rely on the pleadings to raise an issue of fact.  Hern's statement of facts does not comply with the Court's local rules.  For example, the District's local rule permits the responding party to set out additional facts that it contends are material.  D.N.M.LR-Civ. 56.1(b).  However, in doing so, the non-movant must identify the additional facts with letters and refer with particularity, to supporting portions of the record.  Id.  As noted, Hern set forth his "facts," supported by nothing more than argument in his response or allegations in his complaint.

Plaintiff is free to present legal argument and authority in response to a summary judgment motion, but to the extent he identifies a disputed fact, he must provide concise citations to the record and demonstrate that legally admissible evidence supports the alleged dispute.  Indeed, Hern must submit competent, admissible evidence in support of every factual statement on which he relies.  *See* Tran v. Sonic Indus. Servs., Inc., 490 F. App'x 115, 118 (10th Cir. July 19, 2012) (unpublished) (unsupported conclusory allegations do not create fact issues; to oppose summary judgment, plaintiffs "must do more than provide their subjective interpretation of the evidence, they must marshal admissible evidence of material facts") (citations omitted).  Failure to properly support

5

assertions of fact or failure to properly address another party's assertions of fact under Rule 56 may result in the Court's determination that the facts are undisputed and that movant is entitled to summary judgment.  *See* Fed. R. Civ. P. 56(e).

Hern's attempt to created disputed material facts by primarily relying on allegations from his complaint or summary argument in his affidavit is insufficient.  Mere argument and contention cannot carry the day in response to a properly supported summary judgment motion.  Thus, Hern's response is deficient.  However, the Court examines the factual record, when identified by Plaintiff, in the light most favorable to him.

       B.    <u>Undisputed Material Facts</u> ("UMF")

Hern admitted Water Authority's UMF Nos. 1-3, 8, 18-19, 26-30, 32-33, 35 and 37. [Docs. 34, Doc. 34-1; Doc. 36, at 3.] Thus, it is undisputed that Hern is a Hispanic male, currently employed by Water Authority.  It is uncontested that Hern responded to 16 advertisements for positions during the course of his employment with Water Authority.  He was interviewed for two positions and not selected for either job.  With respect to one of the two positions, Water Authority selected Kenneth Lipe, an Anglo, after a second round of interviews.  Mr. Lipe held qualifications and/or training more suited to the position, including a higher level wastewater systems certificate than Hern, and a Associates Degree in water utility operation, whereas Hern achieved Associates Degrees in liberal arts and environmental technology.

It is further undisputed that Hern's contentions about supervisor, Charles Kolberg, are limited to allegations that Kolberg acted "unduly angry or violent" and used an inappropriate term in referring to Hern that had nothing to do with national origin.  Hern agrees that his claim about Kolberg discriminating against him concerned disciplining him, but Hern admitted he was involved in and partially responsible for the confrontation with his co-workers leading up to the discipline.

Hern attempts to dispute, without supplying any supporting or proper evidence, Water Authority's UMF Nos. 4-7, 9-17, 20-25, 31, 34, 36, 38-41. The Court summarizes some of those facts below, along with Hern's attempts to dispute the facts.

Regarding Water Authority's advertisements, interviews, and selection of applicants for positions, Water Authority canceled four of the sixteen job advertisements for which Hern applied. [Doc. 30-1, Judy Bentley Aff., at ¶ 11(a).] Hern states he was not notified of any such cancellations. That type of argument matters not and fails to contradict the undisputed fact that Water Authority canceled four of sixteen advertisements. *See, e.g.,* Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988) ("In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial.'")

Hern did not meet the minimum qualifications for six of the positions for which he applied. Of the remaining six positions, Hern was selected to interview for four positions, but declined to interview for two of the four positions. With respect to the two positions for which he was interviewed, Water Authority did not select him. Regarding one of those two interviews, Water Authority did not recommend that any of the initial five interviewees, including Hern, be hired due to low qualifying scores for all five. The position was re-advertised; Water Authority interviewed four different applicants and selected one.

In an attempt to "partially dispute"[1] the above-stated facts, Hern generally contends he had no knowledge of the assertions. However, Water Authority provided admissible evidence to show that Hern did not meet the minimum qualifications of six of the positions for which he applied.

_____

[1]Even if Hern presented evidence to support a dispute, which he did not, he failed to isolate or identify which portion of Water Authority's facts he partially disputed.

Hern merely stated he did not have direct knowledge of that determination. As stated above, Hern's lack of knowledge does not create a genuine issue of material fact in dispute. *See* Conaway, 853 F.2d at 794.

Hern does not dispute that he declined two invitations to interview, but instead argues he declined the interviews "because of the appearance that I would not receive genuine consideration." [Doc. 34, at 12.] Hern's assertion is nothing more than speculation or conjecture as to whether his applications or interviews would receive "genuine consideration." This is improper. *See, e.g.,* Etsitty v. Utah Transit Auth., 502 F.3d 1215, 1225 (10th Cir. 2007) (mere conjecture that the employer's explanation is pretext is insufficient to defeat summary judgment) (citation and quotation marks omitted); Bones v. Honeywell Int'l, Inc., 366 F.3d 869, 875 (10th Cir. 2004) ("Unsubstantiated allegations carry no probative weight in summary judgment proceedings).

Water Authority set forth evidence that of the sixteen advertisements to which Hern responded, the employer selected eight Hispanics, five Anglos, and one individual with the surname "Garcia," who identified himself as an "American."[2] [UMF No. 9.] Water Authority provided evidence showing that of all the positions for which Hern was qualified, only two were filled by non-Hispanic employees. Again, Hern presented no evidence otherwise but merely stated he had no such knowledge. Lack of knowledge does not create a genuine issue for trial.

Regarding the discrimination claim alleging failure to promote or select Hern for a position, Water Authority obtained testimony from Hern that his claim actually concerned only a single position. Hern testified under oath, at his deposition, that he did not think his national origin had

---

[2]The surname "Garcia" is of Spanish and Basque origins. It is the most common surname in Spain with 3.32% of the population named "Garcia." It is the second most common name in Cuba, and it is a common surname in the United States in the Hispanic community. http://en.wikipedia.org/wiki/Garc%C3%ADa_%28surname%29 (6/6/2013).

anything to do with his not getting a number of the positions for which he applied.  Hern also testified that the water quality specialist job was the only position for which he believed that his race/national origin played some role in the selection process. [Doc. 30-2, at 326-28.]

In his response, Hern disputed this fact, but stated only that he believed Water Authority's interpretation of his deposition testimony on this point was "very narrow."  Hern failed, however, to supply cites to his deposition testimony that would support a broader or different reading.  He claimed that the water quality specialist position was one instance of a "systematic patter[n] of on-going discrimination[,]" but provided no evidence of other positions for which national origin impacted the selection process.  Thus, Water Authority's facts are deemed admitted.

With respect to a number of Water Authority's undisputed facts, *e.g.,* Defendant's recitation of how Hern and other applicants scored in the selection process, Hern attempted to raise disputes by setting out the following assertion:

> I assert that [Water Authority] uses the venue of interviews and scoring matrix as pretext to conceal discriminatory practices.  In other venues, testimony was elicited during trial that the scoring matrix has no inherent validity because it is fabricated during the interview and it is common practice to adjust the scores after interview completion to allow the pre-selected candidate to emerge. Additionally, the scoring process is inherently flawed because it is subjective.  Further [Water Authority] routinely violates standard policy of hiring and promotion in instances where pre-selected candidates do not possess the minimum qualifications.

[Doc. 34, UMF Nos. 14, 15, 21-24, 25-26.]

Hern's repeated boilerplate "objection" does not create a genuine issue of material fact.  For example, he refers to "testimony elicited during trial," but there was no trial in this case.  Thus, it appears that the language was lifted from some other case and has little to no applicability here. Even if pertinent, Hern again makes conclusory statements, without any evidentiary support.  He

summarily argues that scoring is fabricated during interviews, that the scoring process is inherently flawed, and that Water Authority routinely pre-selects candidates in violation of policies or hiring standards. These conclusory statements are bereft of any evidentiary support. Hern fails to identify any fabricated scores or to support such allegations with evidence. He gave no examples of how or why the scoring process is "inherently flawed," identified no specific scoring process, and failed to demonstrate why the subjectivity of a hiring process is evidence of discrimination. *See* Tran, 490 F. App'x at 121 ("subjective nature of the evaluations may be a factor to consider in pretext but it ordinarily is not by itself sufficient to establish pretext") (citation omitted). In addition, Hern did not provide evidence of policies or hiring standards that Water Authority purportedly violated or identify candidates who were pre-selected for jobs. Not only did Hern fail to provide any specific allegations, he presented no evidence to support his general allegations.

For the above-stated reasons, the Court deems Water Authority's entire list of material facts to be undisputed.

C.    Hern's Assertion of Facts

The Court briefly mentions Hern's assertions of facts that he contends "appear" undisputed. Hern asserts that he was passed over for promotion in favor of non-Hispanic applicants, he was subjected to harassment due to his national origin, he was equally or more qualified than other applicants for "the promotion," Water Authority systematically promoted non-Hispanics and non-minorities to positions where there were equally qualified Hispanic applicants, and Hern lost wages, benefits, and promotions as a result of Water Authority's discrimination and disparate treatment of its employees. [Doc. 34, at 2-3.]

None of Hern's facts are supported by admissible evidence. Moreover, he contends that unidentified "undisputed facts" establish that he met qualifications for which he was denied. Hern

10

presented no such facts nor any qualifications to show he was qualified for a position that he did not obtain. *See* Tran, 490 F. App'x at 121 (a plaintiff's own subjective views of job performance are insufficient to raise a genuine issue of material fact). In addition, Hern's "beliefs" that a panel interviewer was biased against Hern based on considerations of national origin are insufficient to create a genuine issue of material fact or to demonstrate that the interview applied unlawful criteria in making selection decisions. The same is true for Hern's allegations that he never was treated poorly until "Mr. Romanoski and Mr. Kolberg" became his supervisors. Such generalized and unsubstantiated allegations are not evidence of unlawful discrimination or harassment.

III.    NATIONAL ORIGIN DISCRIMINATION

There is an absence of any direct evidence of discrimination in this case. Thus, Hern must attempt to prove discrimination through circumstantial evidence under the McDonnell Douglas framework. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Under McDonnell Douglas, Hern carries the initial burden of establishing a prima facie case of national origin discrimination. If he makes out a prima facie case, the burden shifts to Water Authority to articulate some legitimate, nondiscriminatory reason for its actions. To satisfy its burden, Water Authority need only articulate "through some proof" a facially nondiscriminatory explanation for the decisions in question. EEOC v. Flasher Co., 986 F.2d 1312, 1321 (10th Cir. 1992) (citations omitted). Should defendant meet its burden of offering a legitimate, nondiscriminatory reason for the action, plaintiff then must provide evidence showing defendant acted with discriminatory motive or evidence showing defendant's stated reason for its action was a pretext for discrimination, i.e., the facially nondiscriminatory reason was a "cover-up for a decision motivated by unlawful discrimination." EEOC v. Flasher Co., 986 F.2d at 1317 (*quoting* McDonnell Douglas, 411 U.S. at 804-05).

In Serrano v. Veneman, this District set out the following prima facie elements for a claim of national origin discrimination based on allegations of failure-to-promote.

> To establish a prima facie claim of disparate treatment based on race/national origin or color, in a failure to promote context, the plaintiff must show: (i) the plaintiff is a member of a protected class; (ii) the plaintiff was qualified and applied for the position; (iii) despite the plaintiff's qualifications, she was not promoted to the position; and (iv) the promotional opportunity was filled or remained open. *See* Jaramillo v. Colo. Judicial Dep't, 427 F.3d 1303, 1306-07 (10th Cir. 2005)(*citing* Cross v. The Home Depot, 390 F.3d 1283, 1286 (10th Cir. 2004)).

Serrano, 410 F.Supp.2d 1049, 1058 (D.N.M. 2005).  Here, it is undisputed that Hern, a Hispanic male, is a member of a protected class.  It is also uncontested that Hern applied for a number of positions with Water Authority, and that at least some of the positions for which he applied were filled.  However, what Hern fails to demonstrate, through admissible evidence, is a genuine issue of material fact in dispute as to whether he was qualified for the promotions and that despite his qualifications, Water Authority, failed to promote Hern.

Even if the Court determines for purposes of summary judgment that Hern satisfied the elements of a prima facie case of national origin discrimination based on allegations of failure to promote, Water Authority provided ample and convincing evidence of its legitimate, nondiscriminatory reasons for its promotion or hiring decisions.  In contrast, Hern produced no evidence showing Water Authority acted with a discriminatory motive or that its articulated reasons for its decisions are unworthy of belief or were a pretext for unlawful discrimination.  *See* Santana v. City and Cnty. of Denver, 488 F.3d 860, 864–65 (10th Cir. 2007) ("mere conjecture that an employer's explanation is a pretext for intentional discrimination is an insufficient basis for denial

of summary judgment.") Hern identified no specific evidence of discriminatory intent on the part of any decisionmaker in this case.

Hern failed to raise a genuine issue of material fact with respect to the prima facie elements of his national origin discrimination claim or with respect to Defendant's articulated business-related reasons for its hiring and promotion decisions. Thus, the Court grants summary judgment in favor of Water Authority on the national origin claim, whether brought under Title VII or the New Mexico Human Rights Act. *See* Juneau v. Intel Corp., 139 N.M. 12, 15 (2005) (Title VII burden-shifting methodology applies to claims brought under the New Mexico Human Rights Act).

IV.    NATIONAL ORIGIN HARASSMENT

"Title VII affords employees the right to work in an environment free from discriminatory intimidation, ridicule, and insult." Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986). Only severe or pervasive workplace conduct that affects the terms, conditions, or privileges of employment are protected by Title VII, however. *See* id. at 67.

In Hoko v. Huish Detergents, Inc., 453 F. App'x 799, 801 (10th Cir. Dec. 27, 2011) (unpublished), the plaintiff alleged that he was subjected to harassment and a hostile work environment based upon his race, color, and national origin. In order to recover on such a claim, "a plaintiff must show that a rational jury could find that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment  and create an abusive working environment." Id. (*citing* Sandoval v. City of Boulder, 388 F.3d 1312, 1327 (10th Cir. 2004)) (quotation omitted).

Here, it is undisputed that Hern's allegations of harassment were not based on national origin. The isolated comments Hern identified had nothing to do with Hern's national origin. *See* Hernandez v. Valley View Hosp. Ass'n, 684 F.3d 950, 960 (10th Cir. 2012) ("Hostile work

13

environment harassment must be racial or stem from racial animus.") (internal quotation marks omitted).

Hern's unsubstantiated allegations of harassment do not survive summary judgment.  Even if considered true, Hern's meager complaints of harassment would not allow a rational jury to find his workplace was "permeated with discriminatory intimidation, ridicule, and insult."  *See, e.g.,* Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 768 (1998) (actionable workplace harassment requires evidence that workplace is " permeated with discriminatory intimidation, ridicule, and insult"); Bolden v. PRC Inc., 43 F.3d 545, 550-51 (10th Cir. 1994) (plaintiff alleging Title VII harassment must present evidence showing that "(1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, . . . , and (2) the harassment was racial or stemmed from racial animus. General harassment if not racial or sexual is not actionable."), 516 U.S. 826 (1995) (internal citations omitted).

Morever, Hern must show "more than a few isolated incidents of racial [or national origin] enmity."  Bolden, 43 F.3d at 551 (internal citations and quotation marks omitted).  "Instead of sporadic racial [or national origin] slurs, there must be a steady barrage of opprobrious racial comments."  Id.  Here, At most, Hern provides evidence of a few isolated instances of neutral harassment.  This is insufficient to raise a genuine issue of material fact for a jury to decide.  Thus, the Court grants summary judgment in favor of Water Authority and dismisses the harassment claim, with prejudice.

## <u>Conclusion</u>

For the above-stated reasons, the Court grants summary judgment in favor of Defendant and dismisses Mr. Hern's complaint and this matter, with prejudice.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge